UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN CHENENSKY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK LIFE INSURANCE CO., NEW YORK LIFE INSURANCE AND ANNUITY CORP., NY LIFE INSURANCE CO. OF ARIZONA, JOHN DOES 1-50 (said names being fictitious individuals), and ABC CORPORATIONS 1-50 (said names being fictitious companies, partnerships, joint ventures and/or corporations).<br><br>Defendants. | Civil Action No. 07 cv 11504<br><br>**ANSWER AND SEPARATE DEFENSES**<br><br>*Electronically Filed* |

Defendants New York Life Insurance Company, New York Life Insurance and Annuity Corporation, and NYLIFE Insurance Company of Arizona, by and through their counsel, Morgan Lewis & Bockius LLP, hereby answer the allegations of the Collective and Class Action Complaint ("Complaint") in the above-captioned matter in accordance with the numbered paragraphs thereof as follows:

## SUMMARY OF CLAIMS

1.      Defendants admit that Plaintiff purports to bring this matter as a putative collective and class action on behalf of the proposed classes identified in paragraph 1 of the Complaint. Insofar as the allegations of paragraph 1 assert that Plaintiff and those that he seeks to represent were "employees" of any Defendant, said allegations constitute a conclusion of law to which no responsive pleading is required. Insofar as Plaintiff alleges in paragraph 1 of the

Complaint that the putative classes are composed of persons "similarly situated," Defendants deny the allegations of paragraph 1 of the Complaint.

2. Denied.

3. Denied as to all sub-paragraphs.

4. Denied.

## JURISDICTION AND VENUE

5. The allegations of paragraph 5 of the Complaint constitute conclusions of law to which no responsive pleading is required.

6. The allegations of paragraph 6 of the Complaint constitute conclusions of law to which no responsive pleading is required.

## PARTIES

7. Defendants admit that Plaintiff was as an employee of Defendant New York Life Insurance Company as an insurance agent during the period between September 2003 and September 2006 and that the location to which he reported was New York Life's Greater New York General Office. Defendants admit that Plaintiff was engaged in the sale of insurance, annuities and other non-registered products on behalf of New York Life Insurance Company and New York Life Insurance and Annuity Corporation. Defendants are without knowledge or information sufficient to form a belief as to the allegation that Plaintiff "resided in New York County," except to state that its records reflect a home address within New York County. Defendants deny the remaining allegations of paragraph 7 of the Complaint.

8. Defendants admit the allegations of the first two sentences of paragraph 8 of the Complaint. Defendants admit that they maintain their administrative headquarters at 51 Madison Avenue, New York, New York. Defendants admit that New York Life Insurance Company and

New York Life Insurance Annuity Corporation are licensed to, and do, conduct insurance business in all fifty states. Defendants deny that NYLIFE Insurance Company of Arizona is licensed to, or does, conduct insurance business in all fifty states.

9. Defendants deny the allegations of the first sentence of paragraph 9 of the Complaint insofar as Plaintiff alleges that New York Life "employs" approximately 10,000 insurance agents nationwide. By way of further answer, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation as to what Plaintiff "estimates" with regard to the sizes of the classes Plaintiff proposes to represent. Defendants admit New York Life Insurance Company maintained offices and conducted business in the State of New York and in New York County. Defendants admit that New York Life and Annuity Corporation conducted business in the State of New York and New York County. Defendants deny the remaining allegations of the second sentence of paragraph 9 of the Complaint.

10. Defendants deny that any person engaged in "wrongful conduct and labor practices that caused harm to plaintiff" as alleged in paragraph 10 of the Complaint and, therefore, said allegations are denied.

11. Defendants deny that any entity is "responsible for the wrongful conduct and labor practices that caused harm to the plaintiff" because no such wrongful conduct or practices occurred, nor has Plaintiff been harmed in any way.

12. The allegations of the first and third sentences of paragraph 12 of the Complaint constitute conclusions of law to which no responsive pleading is required. The allegations in the second sentence of paragraph 12 purport to characterize a writing that speaks for itself and, therefore, no responsive pleading is required.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

13. Defendants admit that Plaintiff asserts class and collective action claims in this Complaint, but deny that Plaintiff is entitled to any such relief.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation as to what Plaintiff "is informed and believes" and, therefore, no responsive pleading is required. The remaining allegations of paragraph 14 of the Complaint constitute conclusions of law to which no responsive pleading is required.

15. The allegations of all sub-paragraphs of paragraph 15 of the Complaint constitute conclusions of law to which no responsive pleading is required.

16. Defendants deny that they "failed to adequately compensate Plaintiff" or "improperly charged him" for office space and other overhead expenses. The remaining allegations of paragraph 16 of the Complaint constitute conclusions of law to which no responsive pleading is required.

17. Defendants deny the allegations of the first sentence of paragraph 17 of the Complaint. The remaining allegations of paragraph 17 of the Complaint constitute conclusions of law to which no responsive pleading is required.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

18. Defendants admit that, during the Class Periods, New York Life Insurance Company sold insurance products in all fifty states. Defendants admit that New York Life Insurance and Annuity Corporation sold insurance and annuities, including variable products, in all fifty states. Defendants deny that NYLIFE Insurance Company of Arizona sold insurance products or annuities in all fifty states.

19. Defendants admit that Plaintiff and those persons falling within the definition of the putative classes were insurance agents in connection with one or more of the Defendants' sales of insurance, annuities and/or other financial products, whom defendants paid on a commission basis and that they did not receive overtime premium pay. The remaining allegations of paragraph 19 of the Complaint constitute conclusions of law to which no responsive pleading is required.

20. Denied.

21. Denied. By way of further answer, Defendants deny that Plaintiff's were "encouraged, expected and/or required" to work any minimum number of hours per week. By way of further answer, neither Plaintiff nor any other person was "required" to work every Monday evening "cold calling" and, in any event, such example does not demonstrate any requirement to work in excess of 40 hours per week.

22. Defendants admit that insurance agents did not receive overtime pay insofar as they are exempt employees to whom no such obligation is owed and/or because they are not employees to which the wage and hour statutes apply. Defendants deny the remaining allegations of paragraph 22 of the Complaint.

23. The allegations of paragraph 23 of the Complaint constitute conclusions of law to which no responsive pleading is required.

24. The allegations of paragraph 24 of the Complaint constitute conclusions of law to which no responsive pleading is required.

25. The allegations of paragraph 25 of the Complaint constitute conclusions of law to which no responsive pleading is required.

26. Denied.

## **FIRST CLAIM FOR RELIEF**

27. Defendants incorporate by reference herein their answers to paragraphs 1 – 26 as if fully repeated.

28. Defendants admit that Plaintiff seeks the creation of "Federal Class under the FLSA," but deny that the Court should certify any such class.

29. Denied.

30. The allegations of paragraph 30 of the Complaint purport to characterize a writing that speaks for itself and otherwise constitute conclusions of law to which no responsive pleading is required.

31. The allegations of paragraph 31 of the Complaint purport to characterize a writing that speaks for itself and otherwise constitute conclusions of law to which no responsive pleading is required.

32. The allegations of paragraph 32 of the Complaint purport to characterize a writing that speaks for itself and otherwise constitute conclusions of law to which no responsive pleading is required.

33. The allegations of paragraph 33 of the Complaint purport to characterize a writing that speaks for itself and otherwise constitute conclusions of law to which no responsive pleading is required.

34. The allegations of paragraph 34 of the Complaint constitute conclusions of law to which no responsive pleading is required.

35. The allegations of paragraph 35 of the Complaint constitute conclusions of law to which no responsive pleading is required.

36. The allegations of paragraph 36 of the Complaint constitute conclusions of law to which no responsive pleading is required.

37. The allegations of paragraph 37 of the Complaint constitute conclusions of law to which no responsive pleading is required.

38. The allegations of paragraph 38 of the Complaint constitute conclusions of law to which no responsive pleading is required.

39. The allegations of the first sentence of paragraph 39 of the Complaint constitute conclusions of law to which no responsive pleading is required. The allegations of the second sentence of paragraph 39 purports to relate to stockbrokers, a subject of which Defendants are without knowledge or information sufficient to form a belief as to the truth thereof. Defendants admit that, generally, there is no requirement of an advanced degree to work as an insurance agent of Defendants, but Defendants are without knowledge or information sufficient to form a belief as to whether, as to some types of insurance agents at least, that there is no requirement of an advanced degree.

40. The allegations of paragraph 40 of the Complaint constitute conclusions of law to which no responsive pleading is required.

41. The allegations of paragraph 41 of the Complaint constitute conclusions of law to which no responsive pleading is required.

42. Defendants admit that Plaintiff did not receive premium pay, but deny the remaining allegations of paragraph 42 of the Complaint.

43. Denied.

44. Denied.

45.     Defendants admit that Plaintiff makes the demand set forth in paragraph 45 of the Complaint, but deny that Plaintiff is entitled to any such relief.

## SECOND CLAIM FOR RELIEF

46.     Defendants incorporate by reference herein its answers to paragraph 1 – 45 as if fully repeated.

47.     The allegations of paragraph 47 of the Complaint purport to characterize a writing that speaks for itself and otherwise constitute conclusions of law to which no responsive pleading is required.

48.     The allegations of paragraph 48 of the Complaint constitute conclusions of law to which no responsive pleading is required.

49.     The allegations of paragraph 49 of the Complaint constitute conclusions of law to which no responsive pleading is required.

50.     The allegations of paragraph 50 of the Complaint constitute conclusions of law to which no responsive pleading is required.

51.     Defendants admit that insurance agents did not receive "premium pay" insofar as they were exempt employees to whom no such obligation is owed and/or because they are not employees to which the applicable wage and hour statutes apply.  Defendants deny the remaining allegations of paragraph 51 of the Complaint.

52.     Denied.

53.     Denied.

54.     Defendants admit that Plaintiff makes the demands set forth in paragraph 54 of the Complaint, but deny that Plaintiff is entitled to any such relief.

### THIRD CLAIM FOR RELIEF

55. Defendants incorporate by reference herein its answers to paragraph 1 – 54 as if fully repeated.

56. The allegations of paragraph 56 of the Complaint purport to characterize a writing that speaks for itself and otherwise constitute conclusions of law to which no responsive pleading is required.

57. The allegations of paragraph 57 of the Complaint purport to characterize a writing that speaks for itself and otherwise constitute conclusions of law to which no responsive pleading is required.

58. The allegations of paragraph 58 of the Complaint purport to characterize a writing that speaks for itself and otherwise constitute conclusions of law to which no responsive pleading is required.

59. Denied.

60. Defendants deny the allegations of the first sentence of paragraph 60 of the Complaint. The remaining allegations of paragraph 60 of the Complaint constitute conclusions of law to which no responsive pleading is required.

61. The allegations of paragraph 61 of the Complaint constitute conclusions of law to which no responsive pleading is required.

62. Denied.

63. Defendants admit that Plaintiff makes the demands set forth in paragraph 63 of the Complaint, but deny that Plaintiff is entitled to any such relief.

## **SEPARATE DEFENSES**

1.     NYLIFE Insurance Company of Arizona is not a proper party as Plaintiff was never appointed as an agent of NYLIFE Insurance Company of Arizona and NYLIFE Insurance Company of Arizona was not Plaintiff's employer.

2.     The claims of Plaintiff and each putative member of the class he purports to represent should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

3.     The claims of Plaintiff and each putative member of the class he purports to represent are barred, in whole or in part, by the applicable statutes of limitations.

4.     The claims of Plaintiff and each putative member of the class he purports to represent are barred, in whole or in part, by the doctrine of accord and satisfaction.

5.     The claims of Plaintiff and each putative member of the class he purports to represent are barred, in whole or in part, because such claims have been waived, discharged, and abandoned.

6.     The claims of Plaintiff and each putative member of the class he purports to represent are barred, in whole or in part, because Plaintiff and each putative member of the class he purports to represent fell within an exempt classification of individuals who may not recover under the causes of action at issue in this action.

7.     The claims of Plaintiff and each putative member of the class he purports to represent are barred, in whole or in part, because Defendants, and each of them, are not, and have not been, the employer of Plaintiff or any putative member of the class he purports to represent.

8.      The claims of Plaintiff and each putative member of the class he purports to represent are barred, in whole or in part, because for the entire or a portion of the applicable limitations periods, Plaintiff and each putative members of the class he purports to represent were not employees of Defendants to which the wage and hour statutes apply.

9.      The third claim for relief of Plaintiff and each putative member of the class he purports to represent is barred, in whole or in part, because the alleged deductions, if any, were authorized in writing or otherwise by Plaintiff and each putative member and did not amount to a deduction from wages under the applicable law.

10.     The claims of Plaintiff and each putative member of the class he purports to represent are barred, in whole or in part, by the doctrine of estoppel.

11.     The types of claims alleged in the Complaint on behalf of Plaintiff and each putative member of the class he purports to represent are matters in which individual questions predominate and, accordingly, Plaintiff fails to satisfy any of the prerequisites for class certification as to any cause of action.

12.     The Complaint fails to the extent that it asserts a class action because Plaintiff is not an adequate representative of the class he purports to represent.

13.     The Complaint fails to the extent that it asserts a class action because the claims alleged by the named Plaintiff were neither common to nor typical of those of the proposed classes he purports to represent.

14.     The claims of Plaintiff and each putative member of the class he purports to represent are barred in whole or in part because Plaintiff fails to satisfy the prerequisites for class certification and, therefore, Plaintiff lacks standing to bring these claims and cannot represent the interest of others as to each of the purported causes of action.

15. The claims of Plaintiff and each putative member of the class he purports to represent are pre-empted by, or otherwise inherently incompatible, with federal law in that the application of New York overtime law would impermissibly frustrate and undermine the remedial framework adopted by Congress in its federal laws.

16. The claims of Plaintiff and each putative member of the class he purports to represent are barred, in whole or in part, because any action of Defendants was taken in compliance with and as required by the laws of the United States and of the states that regulate Defendants, because Defendants are engaged in the insurance business in those states, are subject to state regulatory requirements, or, in the case of New York, are domestic life insurance companies and subject to regulation on that basis.

17. An award of civil penalties or punitive damages under the circumstances of this case will constitute an excessive fine and otherwise would be in violation of Defendants' due process and state and federal rights.

## **RESERVATION OF RIGHTS**

Defendants reserve the rights to assert such additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendants pray for judgment as follows:

1. that Plaintiff takes nothing by the Complaint;

2. that judgment be entered against Plaintiff and in favor of Defendants;

3. that Defendants be awarded attorneys' fees incurred herein;

4. that Defendants be awarded the costs of suit incurred herein; and

5. that the Court award Defendants other and further relief as the Court may deem just and proper.

Dated: March 6, 2008

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: s/Sean P. Lynch
    Sean P. Lynch (SL9968)
    Richard G. Rosenblatt
    502 Carnegie Center
    Princeton, New Jersey 08540
    Phone: (609) 919-6600
    Fax: (609) 919-6701
    slynch@morganlewis.com
    rrosenblatt@morganlewis.com

and

Michael L. Banks, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Phone: (215) 963-5387
Fax: (215) 963-5001
mbanks@morganlewis.com