UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN CHENENSKY, individually, and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEW YORK LIFE INSURANCE CO., NEW YORK LIFE INSURANCE AND ANNUITY CORP., NY LIFE INSURANCE CO. OF ARIZONA, JOHN DOES 1-50 (said names being fictitious individuals), and ABC CORPORATIONS 1-50 (said names being fictitious companies, partnerships, joint ventures and/or corporations),<br><br>　　　　　Defendants. | Civil Action No. 07 cv 11504<br><br><br>**JOINT RULE 26(f) REPORT AND PROPOSED JOINT DISCOVERY PLAN**<br><br>*Electronically Filed* |

　　　The parties in the above-referenced matter met and conferred in compliance with Federal Rule of Civil Procedure 26(f), during telephonic conferences held on March 14, 2008 and March 27, 2008.  Pursuant to Federal Rule of Civil Procedure 26(f), and the Order of this Court dated January 9, 2008, the parties report as follows:

**I.　　STATEMENT OF THE CASE**

　　　Plaintiff alleges that New York Life employed him as an insurance agent within the applicable statute of limitations periods. In that capacity, Plaintiff contends that New York Life misclassified him as an exempt employee not entitled to premium overtime pay under state and federal law.  Plaintiff contends that he routinely worked in excess of 40 hours per week and should have received overtime for those hours.  Accordingly, Plaintiff alleges that New York Life violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by not paying him overtime premium pay.  Plaintiff brings his federal overtime claim as a putative "opt-

in" collective action pursuant to 29 U.S.C. § 216(b). Specifically, he defines that collective class as all insurance agents who were or are employed by New York Life in the United States pursuant to any of the following contracts, or contracts that are substantially equivalent: (a) an Introductory Contract, (b) a Training Allowance Subsidy Plan Agreement, and/or (c) an Agent's Contract, and who worked more than 40 hours in any workweek since December 21, 2004.

Plaintiff contends that this same failure to pay overtime also violates New York's wage and hour law. 12 NYCRR 142-2.2. He brings his state law overtime claim as a putative "opt-out" class action pursuant to Fed. R. Civ. P. 23. He defines his state law class for unpaid overtime to encompass insurance agents employed by New York Life in New York State pursuant to any of the same, aforementioned contracts and who worked more than 40 hours in any workweek since December 21, 2001.

Plaintiff further contends that New York Life impermissibly deducted certain expenses from Plaintiff's wages in violation of New York Labor Law § 193. Plaintiff asserts this claim on behalf of a putative "opt-out" class action pursuant to Fed. R. Civ. P. 23. Plaintiff defines this state law class to encompass insurance agents employed by New York Life in New York State pursuant to any of the same, aforementioned contracts who, in any workweek since December 21, 2001, received wages reduced by deductions or charges for overhead costs of Defendants such as support staff, office space, telephone service, computer support or liability insurance, or were required to pay separately for such costs.

New York Life disputes these claims and class definitions. New York Life believes that Plaintiff's class definitions are inconsistent with Plaintiff's Complaint and overbroad as they purport to include all insurance agents affiliated with New York Life, regardless of seniority or the nature of their affiliation, including adjudicated independent contractor established agents.

New York Life asserts that Plaintiff was exempt from the overtime requirements pursuant to the outside salesperson exemptions under both federal and state law and, in any event, that Plaintiff was an independent contractor during his affiliation with New York Life as an established agent and the period governed by the Introductory Contract.  New York Life disputes any assertion that it misclassified its established agents as independent contractors in accordance with *Anyan v. New York Life Insurance Co.*, 192 F.Supp. 2d 228 (S.D.N.Y. 2002) and *Barnhart v. New York Life Insurance Company*, 141 F.3d 1310 (9th Cir. 1998).  Plaintiff, however, refers to the recent decision by the United States District Court for the District of New Jersey to conditionally certify a collective action by Prudential insurance agents, including those whom Prudential classified as independent contractors for tax purposes.  *Bouder v. Prudential Financial, Inc.,* 06-cv-04359, slip opinion (dkt. #53, not for publication) at 8-9 (D.N.J. March 27, 2008) (Cavanaugh, J.).  New York Life further intends to establish that all expenses charged to Plaintiff while associated with New York Life were permissible, as a matter of law.  In addition, New York Life disputes that this action may be maintained as a representative action under § 216(b) of the Fair Labor Standards Act or as a class action under Rule 23 of the Federal Rules of Civil Procedure and that Plaintiff is an adequate representative of the classes he seeks to represent.

II.     **LEGAL ISSUES IN DISPUTE**

While discovery may reveal additional legal issues in dispute, the following is a summary of the legal issues presently in dispute.

1.  Whether Plaintiff is exempt from the overtime requirements of the FLSA and/or New York state law;
2.  Whether the expenses charged to Plaintiff violated New York Labor Law § 193;
3.  Whether Plaintiff was an independent contractor for all or portion of the limitations period;
4.  Whether this case is appropriate for collective action treatment pursuant to

§ 216(b) of the FLSA;

5. Whether this case may be certified as a class action pursuant to Federal Rule of Civil Procedure 23; and

6. Whether certain entities are properly named as Defendants.

### III.    ISSUES THAT CAN BE NARROWED BY MOTION

Defendants believe that the Plaintiff's claims may be resolved by motion for summary judgment on the issues of whether the outside salesperson exemption of the FLSA applies to Plaintiff, and whether New York Life's compensation method, pursuant to which it determines commissions payable only after reconciling certain expenses, complies with New York law. Defendants further believe that Plaintiff's claims can be disposed of on summary judgment with minimal discovery. It is Defendants' position that these dispositive issues can and should be addressed before any discovery commences regarding whether this case is appropriate for class or collective action certification or pertaining to the independent contractor issue identified above.

As explained further under heading VI. B. below, Plaintiff disagrees that summary judgment is either feasible or appropriate before substantial discovery has been completed, and believes that a premature effort to resolve dispositive issues on the basis of minimal discovery will unnecessarily prolong the litigation.

### IV.    TIMING, FORM, OR REQUIREMENTS OF MANDATORY DISCLOSURES UNDER FED. R. CIV. P. 26(A)

The parties agreed to exchange initial disclosures by **April 25, 2008**.

## V. THE ANTICIPATED SUBSTANTIVE SCOPE OF DISCOVERY, INCLUDING BOTH DISCOVERY RELEVANT TO THE CLAIMS AND DEFENSES AND DISCOVERY RELEVANT TO THE SUBJECT MATTER OF THE DISPUTE

In response to Defendants' request, Plaintiff has revised his proposed class definitions for greater clarity. Plaintiff will prepare an amended complaint incorporating the revised definitions and seek Defendants' consent or leave of court to file the amended complaint. Nevertheless, the parties continue to disagree about the appropriate scope of discovery at this time.

Plaintiff intends to seek oral and documentary discovery regarding Plaintiff's job responsibilities to evaluate his classification as an employee exempt from an entitlement to overtime premium pay. Plaintiff further intends to seek discovery regarding New York Life's policies for determining commission payouts and expenses charged to Plaintiff. Plaintiff also intends to seek discovery to support his contention that the Court should certify his federal overtime claim as a collective action and his state law claims as a class action.

New York Life intends to seek deposition testimony, answers to written interrogatories and documents from Plaintiff to establish that Plaintiff was, in fact, properly classified as an exempt employee for the period of his affiliation with New York Life pursuant to the Training Allowance Subsidy Plan Agreement and that its methods for determining and paying commissions and charging expenses to Plaintiff were lawful. New York Life believes that discovery regarding its classification of Plaintiff as an independent contractor for the period of his affiliation with New York Life as an established agent and pursuant to the Introductory Contract is irrelevant and unwarranted.

## VI. DISCOVERY SCHEDULE

### A. *Defendants' Proposal*

In the interest of limiting the costs and burdens of litigation, decreasing the time toward final resolution, and creating efficiencies in the management of this complex and large-scale matter involving potentially thousands of putative class members, Defendants propose to bifurcate discovery in his matter. Specifically, it is New York Life's position, as a matter of fact and law, that it properly classified Plaintiff as an outside salesperson exempt from overtime during his affiliation as an insurance sales agent pursuant to the Training Allowance Subsidy Plan Agreement, and that Plaintiff qualified for the outside sales exemption during the entirety of his affiliation with New York Life, even if his independent contractor status at certain times were called into question – which it should not be. Although Plaintiff disagrees with those beliefs, both sides recognize that if the Court determines that Plaintiff is "exempt" under federal and state law, Plaintiff's overtime claims will fail, and there would be no basis upon which to certify a collective action or a class action with respect to overtime. Similarly, New York Life maintains that its compensation method, pursuant to which it determines commissions payable only after reconciling certain expenses, is fully compliant with New York law. Defendants intend to establish that these issues are predominantly legal in nature and will be established based on undisputed facts.

To that end, Defendants propose an initial phase of discovery limited to issues related to Plaintiff's individual claims (excluding the issue of Plaintiff's independent contractor status during parts of his affiliation with New York Life). This first phase would last four months, ending on **July 31, 2008**. During that period, all other discovery, including discovery related to class certification and independent contractor status, would be held in abeyance. After the first

phase of discovery ends, the parties would have the opportunity to file cross-motions for summary judgment on Plaintiff's claims for overtime and illegal deductions.

Defendants propose that those cross-motions for summary judgment be filed by **August 15, 2008**, opposition papers filed by **September 29, 2008**, and reply papers filed by **October 20, 2008**. If the disputed issues are decided in Defendants' favor, the litigation will be over and there will be no need for further discovery. Should the Defendants' motion for summary judgment be denied, in whole or in part, the parties propose that the Court hold a status conference to establish appropriate deadlines for the completion of all remaining discovery and the filing by Plaintiff of any motion for class or collective action certification.

Defendants do not believe that Plaintiff's concerns regarding the proposed bifurcation of discovery, expressed below, are well-founded. First, as already has been explained to Plaintiff, Defendants will work with Plaintiff to ensure that discovery is not duplicative. Second, it is Defendants' position that Plaintiff's concern about tolling of the FLSA statute of limitations is misplaced. Bifurcating discovery in the manner discussed above will not unduly delay these proceedings. Rather, focusing on the underlying legal issues will narrow the case and provide for a more streamlined process should the case not be dismissed on early motions. Moreover, Plaintiff's position that the trade-off for bifurcation should be tolling mixes apples and oranges. The issuance of notice under the FLSA has nothing whatsoever to do with the running of the statute of limitations. *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1136-37 (D. Nev. 1999); *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859 (9th Cir. 1977). To the contrary, notice under the FLSA serves solely the interest of judicial efficiency by allowing other persons who might be considering bringing their own lawsuits to join in the existing lawsuit if they are similarly-situated, thus avoiding the prospect of the court system being clogged with multiple, similar

1-PR/1374102.1

cases. Here, there is no apparent groundswell of other potential cases. Furthermore, it is Defendants' position – which expedites the possible resolution of this matter – that promotes judicial efficiency.

### B. *Plaintiff's Proposal*

Plaintiff believes that Defendants' proposal to address individual claims before class claims ignores the main rationale for the class and collective procedures established by Rule 23 and the FLSA, and will likely prolong the litigation. Plaintiff believes that the scope of discovery needed to resolve issues such as the outside sales exemption and the legality of New York Life's deductions from pay is largely the same whether those issues are addressed on an individual or a class basis. Furthermore, Plaintiff believes that the pertinent material facts are highly likely to be disputed, so that summary judgment will fail to significantly narrow the disputed issues. Plaintiff therefore believes that the bifurcated procedure proposed by Defendants, unless entirely successful from Defendants' perspective, will run a substantial risk of duplication of effort as, for example, witnesses examined on individual issues in the first phase will need to be re-examined in the second phase on class issues. Accordingly, Plaintiff should not be penalized in terms of days or hours of deposition testimony when the same witnesses are required to return for reexamination. Moreover, unlike Rule 23, the FLSA does not toll the statute of limitations on class members' claims until they "opt in" to a (conditionally) certified collective action. Plaintiff maintains that the delay resulting from Defendants' proposed bifurcated procedure should not be allowed to run out potential plaintiffs' FLSA claims. If the bifurcated procedure is adopted, therefore, the FLSA claims of class members should be equitably tolled until the class phase of the action commences.

1-PR/1374102.1

Plaintiff proposes the following discovery schedule, which Plaintiff believes is reasonable, cost effective, and in accord with the usual practice in wage and hour class actions nationwide:

1. <u>Written Discovery</u>:

    a. The parties shall propound written discovery by **May 1, 2008**.

    b. Responses to written discovery shall be served on or before **May 31, 2008**.

2. <u>Document Discovery</u> - Document discovery shall be substantially completed by **August 31, 2008**.

3. <u>Depositions</u> - Fact Depositions shall be completed by **February 1, 2009**.

4. 4.     <u>Expert Discovery:</u>

    a. The parties shall make initial expert designations by **January 5, 2009**.

    b. The parties shall provide initial expert reports by **February 1, 2009**.

    c. The parties shall designate rebuttal experts and exchange rebuttal expert reports by **March 15, 2009**.

    d. Expert Depositions shall be completed by **April 15, 2009**.

5. <u>Motions to Amend</u> - Motions to join additional parties or amend pleadings shall be filed on or before **June 1, 2008**, unless good cause is shown.

6. <u>Discovery Motions</u> - All discovery motions will be filed on or before the close of discovery, unless good cause is shown.

7. <u>Collective Action Certification Motion</u>:

    a. Plaintiff shall file a motion for collective action certification pursuant to FLSA § 216(b) on **July 30, 2008**.

    b. Defendants shall file their opposition by **September 15, 2008**.

    c. Plaintiff shall file his reply by **October 15, 2008**.

8. <u>Rule 23 Class Action Motion</u>

    a. Plaintiff shall file any motion for class certification within 90 days after the Court enters its order granting or denying notice of a collective action pursuant to FLSA § 216(b).

    b.   Defendants shall file their opposition to class certification within 45 days of Plaintiff's filing their motion.

    c.   Plaintiff shall a reply, if any, within 30 days after Defendants file their opposition.

9. Dispositive Motions

    a.   Dispositive motions shall be filed on or before **February 1, 2009**.

## VII. DISCOVERY OF ELECTRONIC STORED INFORMATION ("ESI")

The parties have had preliminary conversations about ESI, but further discussions will be required after the scope of the case is clarified. Plaintiff expects to seek discovery of emails and, possibly, additional ESI. New York Life intends to seek discovery of Plaintiff's emails and personal calendaring data. The parties will need to address the scope of the ESI production, the format of any such production, and potential cost sharing arrangements depending upon the scope and expense of any requested information.

## VIII. DATE BY WHICH DISCOVERY SHOULD BE COMPLETED

    A.   *Defendants Proposal:*

Under the Defendants' proposed bifurcation plan, discovery related to Plaintiff's individual claims, including discovery related to Plaintiff's classification as exempt under the outside sales exemption during the Training Allowance Subsidy Plan Agreement, and relating to the legality of New York Life's compensation method, will be completed by **July 31, 2008**. Defendants propose that, if necessary following the resolution of the parties' cross-motions for summary judgment, the Court schedule a conference to establish appropriate deadlines for the completion of additional discovery and the filing of any pretrial motions.

B.     *<u>Plaintiff's Proposal:</u>*

Under Plaintiff's proposed discovery plan, fact discovery will be completed by **February 1, 2009** and expert discovery will be completed by **April 15, 2009**.

### IX.    ANY NEEDED CHANGES IN LIMITATIONS IMPOSED BY THE FEDERAL RULES OF CIVIL PROCEDURE, LOCAL RULE OR STANDING ORDER

The parties do not anticipate any needed changes to the discovery limitations set forth in the federal or local civil rules.   However, the parties reserve the right to modify those limits should any need arise.

### X.     CLAIMS OF PRIVILEGE OR PROTECTION

The parties may be required to produce in discovery certain confidential or proprietary information.  Accordingly, the parties will meet and confer about the terms of a protective order and will submit the proposed order to the Court in the manner required by the rules.

XI.  **SETTLEMENT, MEDIATION, APPOINTMENT OF A SPECIAL MASTER**

The parties agree that this case is not appropriate for resolution by voluntary arbitration or appointment of a special master.  Given that discovery has not yet taken place, the parties submit that it is premature to provide any meaningful assessment of settlement prospects.

By:  s/John Halebian (with consent)
    John Halebian (JH 8005)

LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, 58th Floor
New York, New York 10110
Phone (212) 981-6760
Fax: (212) 208-6806
jhalebian@lshllp.com

Dated: March 28, 2008

By: s/Sean P. Lynch
    Sean P. Lynch (SL 9968)
    Richard G. Rosenblatt
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, New Jersey 08540
Phone: (609) 919-6600
Fax: (609) 919-6701
slynch@morganlewis.com
rrosenblatt@morganlewis.com

Melissa C. Rodriguez
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Phone (212) 309-6394
Fax (212) 309-6001
mrodriguez@morganlewis.com

and

Michael L. Banks
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Phone (215) 963-5387
Fax (215) 963-5001
mbanks@morganlewis.com

Dated: March 28, 2008