UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BRIAN CHENENSKY,                              :
*individually and on behalf of all others*
*similarly situated*,                          :
                          07 Civ. 11504 (WHP)
           Plaintiff,               :
                          MEMORANDUM & ORDER
      -against-                       :

NEW YORK LIFE INSURANCE            :
COMPANY, et al.,

            Defendants.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/24/2010

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Brian Chenensky ("Chenensky") moves for reconsideration of that part

of this Court's Memorandum and Order dated December 22, 2009 which granted summary

judgment to Defendants on Chenensky's overtime claims under the Fair Labor Standards Act

(the "FLSA"), 29 U.S.C. § 207 et seq., and Title 12 of the New York Codes, Rules and

Regulations ("NYCRR") § 142-2.2.  See Chenensky v. N.Y. Life Ins. Co., No. 07 Civ. 11504

(WHP), 2009 WL 4975237 (S.D.N.Y. Dec. 22, 2009).  For the following reasons, Plaintiff's

motion is denied.


### DISCUSSION

        Local Civil Rule 6.3 allows a party to move for reconsideration of a court's

decision in light of "matters or controlling decisions which counsel believes the court has

overlooked."  Reconsideration of an order is an "extraordinary remedy to be employed sparingly

in the interests of finality and [to conserve] scarce judicial resources."  Parrish v. Sollecito, 253

F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (citing In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F.

Supp. 2d 613, 614 (S.D.N.Y. 2000)); see also Banco Central de Para. v. Para. Humanitarian Found., Inc., No. 01 Civ. 9649 (JFK), 2005 WL 1561504, at *1 (S.D.N.Y. June 30, 2005). Accordingly, the standard for granting a motion for reconsideration is strict, and the motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Reconsideration is not an invitation for parties to "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." De Los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998). "The purpose of Local Rule 6.3 is to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" Scott v. City of N.Y., No. 02 Civ. 9530 (SAS), 2009 WL 3010593, at *1 (S.D.N.Y. Sept. 21, 2009). The motion "cannot assert new arguments or claims which were not before the court on the original motion." Koehler v. Bank of Bermuda, Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) (citing Kunica v. St. Jean Fin., Inc., 63 F. Supp. 2d 342, 346 (S.D.N.Y. 1999)). Thus, reconsideration is available only so a court may correct for clear error, prevent manifest injustice, or review in light of newly available law or evidence. Parrish, 253 F. Supp. 2d at 715.

Chenensky asserts three grounds for reconsidering the Memorandum and Order: (1) that the Court improperly made findings of fact regarding how Chenensky spent his workday; (2) that a reasonable jury could conclude Chenensky's primary duty was "advice"; and (3) that

evidence of Chenensky's sales activities was not so conclusive as to justify summary judgment.

These arguments are not new to the Court—Chenensky advanced each of them in opposition to Defendants' motion for summary judgment. Although styled as separate points, Chenensky's three contentions are branches of the same argument—a reasonable jury could find that Chenensky had a primary duty other than selling, namely "advising." But Local Rule 6.3 is structured so that courts need not consider "repetitive arguments on issues that have been considered fully." Hoffenberg v. Hoffman & Pollok, 296 F. Supp. 2d 504, 505 (S.D.N.Y. 2003) (citation omitted). Nevertheless, a brief review of the summary judgment standard and the FLSA disposes of Chenensky's arguments.

Under the FLSA, the question of how an employee spends his workday is one of fact, but the question of whether those activities exempt him from the FLSA is one of law. See Icicle Seafoods v. Worthington, 475 U.S. 709, 714 (1986). Chenensky submits that a jury could find that his workday at New York Life was not oriented around selling. However, the record is bereft of admissible evidence that Chenensky spent a majority of his time advising. Thus, there is no question of material fact for a jury. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and [ ] it should be interpreted in a way that allows it to accomplish this purpose." (emphasis added)). Summary judgment requires a court to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). This case is decidedly of the latter variety.

Fully accepting Chenensky's oft-repeated assertion that he "did more than sell life

-3-

insurance and New York Life told [him] that," the factual question under the FLSA is not how an employee believed he spent his workday, but what he actually did. See Reiseck v. Universal Comm'cns of Miami, Inc., 591 F.3d 101, 107-08 (2d Cir. 2010) (reviewing summary judgment record to determine primary duty was sales). It is undisputed that Chenensky worked outside of the New York Life office, at hours of his choosing, in a process through which persons who did not have New York Life products obtained them. From Chenensky's perspective, this was a process for doling out advice. To any reasonable fact-finder, however, this was selling. Chenensky's attempt to cloak himself as a financial adviser or stockbroker does not camouflage the fact that he was a salesman.

Ultimately, any advice Chenensky gave out was a secondary concern to potential customers, to New York Life, and to Chenensky himself. Indeed, if Chenensky did not make a sale, the customer would have no protection against the unforeseen, New York Life would have no revenues, and Chenensky would have no paycheck. Contrary to Chenensky's view, the recipe for sales has multiple ingredients, one of which is giving useful advice to potential customers to aid their decision-making. This is more than common sense—it is reflected in the FLSA rules, which state that "work performed incidental to and in conjunction with the employee's own outside sales or solicitations . . . shall be regarded as exempt outside sales work . . . [and] . . . other work that furthers the employee's sales efforts also shall be regarded as exempt work." 29 C.F.R. § 541.500(b).

Moreover, the Court of Appeals' recent opinion in Reisick provides a germane illustration of a salesperson:

> Consider a clothing store. The individual who assists customers in finding their size of clothing or who completes the transaction at

-4-

> the cash register is a salesperson under the FLSA, while the
> individual who designs advertisements for the store or decides
> when to reduce prices to attract customers is an administrative
> employee for the purposes of the FLSA.

591 F.3d at 107. Chenensky presented no evidence that he promoted sales generally as opposed
to on the individual level—on the contrary, the record on summary judgment demonstrated that
he regularly pursued sales in customers' homes and at their places of business. See Reisick, 591
F.3d at 107 ("[A]n employee making specific sales to individual customers is a salesperson for
the purposes of the FLSA, while an employee encouraging an increase in sales generally among
all customers is an administrative employee."); see also Gregory v. First Title of Am., Inc., 555
F.3d 1300, 1304, 1309 (11th Cir. 2009) (discounting title insurance agent's contention that she
was not consummating sales with individual persons or businesses despite her commission-based
compensation).

        Having failed to show a clear mistake of fact by this Court or a change in the law
of this Circuit, Local Rule 6.3 should fulfill its purpose—preventing dissatisfied litigants from
having "a second bite at the apple." Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841
(NRB), 2004 WL 1794504,at *2 (S.D.N.Y. Aug. 10, 2004). Accordingly, Chenensky's motion
for reconsideration is denied.

-5-

## CONCLUSION

For the foregoing reasons, Plaintiff Brian Chenensky's motion for reconsideration

of the Memorandum and Order dated December 22, 2009 (Docket No. 50) is denied. This Court

will hold a conference on June 23, 2010, at 11:00 a.m.

Dated: June 1, 2010
       New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

John Halebian, Esq.
Lovell Stewart Halebian, LLP
500 Fifth Avenue
New York, NY 10110
*Counsel for Plaintiff*

Richard G. Rosenblatt, Esq.
Morgan, Lewis & Bockius, LLP
502 Carnegie Center
Princeton, NJ 08540
*Counsel for Defendants*

-6-